W. E. WELLS and Sybil R. Wells, Partners, d/b/a Tye & Wells, Contractors; Norman Reeves, Elgin Smith, James Ralston, Olan H. Carter, Tom Litsey, Tom Curtis, Joseph G. Lauxon, Eugene Robinson, William W. Tye, Thrashley Markland, Harold Parker and Wayne Berry, Plaintiffs-Appellees,

v.

INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL–CIO, LOCAL 181, and Its Business Agent, Lawrence McCarty; United Brotherhood of Carpenters and Joiners of America, AFL–CIO, Local 1341, and Its Business Agent, J. W. Hall; International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local 215, and Its Business Agent, Glenn Wilkinson, Defendants-Appellants.

No. 14702.

United States Court of Appeals
Sixth Circuit.

May 15, 1962.

Wells T. Lovett, Owensboro, Ky., Lovett & Howard, Owensboro, Ky., on brief, for plaintiffs-appellees.

Charles R. Isenberg, Louisville, Ky., and Wilbur F. Dassel, Evansville, Ind.,

Isenberg & Sales, Louisville, Ky., of counsel, for defendants-appellants.

Before MILLER, Chief Judge, and BOYD and STARR, District Judges.

BOYD, District Judge.

W. E. Wells and Sybil R. Wells, Partners d/b/a Tye & Wells, Contractors and twelve of their employees brought this action for damages resulting from alleged unfair labor practices involving secondary boycott activities of the appellant Unions and their representatives. (The parties are referred to as in the trial court.) From an adverse judgment in the trial court finding the defendants guilty of activities in contravention of Section 303 of the Labor Management Relations Act of 1947, as amended, Title 29 U.S.C.A. § 187, the case is here on appeal.

Plaintiff Tye & Wells with others had a contract with the State of Kentucky for certain road construction work. They were to do the concrete work, including the building of bridges and box culverts. They also had an agreement with the Transit-Mix Concrete Company to supply them with the necessary concrete.

Plaintiff contractors entered into a collective bargaining agreement with the United Construction Workers, a division of the United Mine Workers Union. Following its execution work began on the project aforesaid on or about May 23, 1958. On May 28, 1958, pickets of the defendant Unions appeared at the construction site carrying signs which read "Carpenters, Engineers, Teamsters and Laborers Seek Recognition on This Project." The presence of the pickets stopped all deliveries of concrete by the Transit-Mix Company and the work by Tye & Wells had to be halted.

This condition continued until June 9, at which time plaintiff contractors met with the business agents of the defendant Unions. The Union representatives insisted that the plaintiffs replace the United Construction Workers with members of their own Unions in order that they might act as the bargaining agents for Tye & Wells' employees. Tye & Wells was given a week to consider the demands of the defendants during which time all pickets were removed from the construction site. However, on June 19, Tye & Wells refused to sign a contract with the defendants and the next day the pickets reappeared at the job site and remained until July 14, when they were enjoined from further picketing by an order of the District Court. Again during this period work could not proceed due to the failure of the Transit-Mix Company to cross the picket line to deliver the necessary concrete.

■ One of the defendants, Teamsters' Local 215, was the bargaining agent of the employees of the Transit-Mix Company. The business agent of Local 215 notified one of the owners of Transit-Mix of the beginning of the picketing on both occasions and further advised the company employee who served as union steward to stay away from the picket line. Following this there were discussions among these employees with regard to their respecting the picket line aforesaid. The fact that only a single employee was contacted would not prevent the existence of the requisite inducement of the employees as this employee was the union steward who could reasonably have been expected to transmit Union instructions to his fellow employees. N. L. R. B. v. Local 11, Carpenters' Union, C.A.6th, 1957, 242 F.2d 932.

Though the Teamsters' Local was the only defendant to contact the Transit-Mix Company, it is abundantly clear from the record that all of the defendants herein acted in concert in controlling the picketing activities here complained of. There has been no denial of this by the other Unions.

■ The main issue raised on this appeal is whether their picketing of the job site herein amounts to secondary boycott activities of the kind proscribed by Section 303(a) of the Labor Manage-

ment Relations Act. (Title 29 U.S.C.A. § 187(a).)

It is their contention that the picketing activities engaged in by them were primary in nature and done for the purpose of securing contracts covering hours, wages and working conditions of the employees of the plaintiff Tye & Wells.

As to the nature of the activities of the defendants, it is readily apparent that they knew of the contract of Tye & Wells with the United Construction Workers and no contention is made that a majority of the Tye & Wells' employees were either members of their Unions or desirous of becoming members of same. The trial judge, in our opinion, correctly concluded that the defendants' activities were secondary in nature and were engaged in for the purpose of inducing the Transit-Mix employees not to deliver concrete to the Tye & Wells job site and, therefore, in turn to force Tye & Wells to breach its contract with the United Construction Workers and to enter into a collective bargaining agreement with these defendants. The activities here complained of were not in any sense primary in nature as claimed by the defendants. International Brotherhood of Electrical Workers v. N. L. R. B., 341 U.S. 694, 71 S.Ct. 954, 95 L.Ed. 1299; N. L. R. B. v. Denver Building Council, 341 U.S. 675, 71 S.Ct. 943, 95 L.Ed. 1284; Local 74, etc. Carpenters, et al. v. N. L. R. B., 341 U.S. 701, 71 S.Ct. 966, 95 L.Ed. 1309; Local Union 984, etc. Teamsters' Union, et al. v. Humko, C.A.6th, 1961, 287 F.2d 231, cert. denied, 366 U.S. 962, 81 S.Ct. 1922, 6 L.Ed.2d 1254; United Brick & Clay Workers of America v. Deena Artware, 198 F.2d 637, C.A.6th, 1952, cert. denied 344 U.S. 897, 73 S.Ct. 277, 97 L.Ed. 694.

■ There is the additional issue of whether Article XI of the collective bargaining agreement between Teamsters' Local and Transit-Mix Company was such as to absolve the former from the proscription of Section 303(a), supra, with regard to its activity of inducing the employees of Transit-Mix to ob-

serve the picket line herein. This article permitted employees subject thereto to refuse to cross any authorized picket line and required the employer not to interfere with the exercise of this right by such employees.

It is the defendants' position that Transit-Mix voluntarily recognized its obligation under this clause of the contract. Justice Frankfurter in Local 1976, etc. Carpenters' Union v. N. L. R. B., 357 U.S. 93, 78 S.Ct. 1011, 2 L.Ed. 2d 1186, disposed of this very issue by stating:

> "The potentiality of coercion in a situation where the union is free to approach the employees and induce them to enforce their contractual rights by self-help is very great. Faced with a concerted work stoppage already in progress, an employer may find it substantially more difficult than he otherwise would to decide that business should go on as usual and that his employees must handle the goods. His 'acquiescence' in the boycott may be anything but free. In order to give effect to the statutory policy, it is not unreasonable to insist * * that even when there is a contractual provision the union must not appeal to the employees or induce them not to handle the goods."

Here the action of the Transit-Mix in the circumstances could not have been voluntary and the trial court quite correctly reached this conclusion. Also as the findings of fact of the trial court are not clearly erroneous this Court is bound thereby. United Mine Workers of America v. Osborne Mining Co., C.A. 6th, 1960, 279 F.2d 716, 723, cert. denied 364 U.S. 881, 81 S.Ct. 169, 5 L.Ed.2d 103.

■ The final question raised by the defendants as to whether the Court had jurisdiction to hear the claims of the individual plaintiffs, who are the employees of Tye & Wells, is without merit. Clearly, jurisdiction is conferred to permit "whoever" is injured to sue without respect to the amount in controversy.

**76**

Title 29 U.S.C.A. § 187(b); United Brick & Clay Workers of America v. Deena Artware, supra.

There being no reversible error the judgment of the District Court is affirmed.